505 A.2d 647

David Englerth, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 14, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Thomas G. Klingensmith,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 7, 1986:

David Englerth (petitioner) has filed a petition for review of an order of the Pennsylvania Board of Probation and Parole (board) refusing him administrative relief from a decision of the Board that he should be recommitted for three months as a technical parole violator.

On March 14, 1985, the Board paroled the petitioner from a sentence for burglary on the condition that he successfully attend and complete an inpatient drug rehabilitation program at Peniel Ministries in York Springs. The petitioner was interviewed on March 19, 1985, by the intake supervisor at Peniel Ministries and was admitted into the program. The petitioner asked the intake supervisor if he could leave to have dinner with his sister. The intake supervisor told him no, that he was already considered admitted into the program and could not leave. The petitioner left the facility. He went to his sister's home and telephoned his parole officer four times but did not reach him. The petitioner, however, did tell the parole office that he had left Peniel Ministries.

On March 25, 1985, the Director of Peniel informed the petitioner's parole agent that the petitioner had been admitted to the inpatient program and that he left without staff consent.

The petitioner was arrested on March 26, 1985 and given a hearing on May 29, 1985. The board on July 15, 1985 ordered the petitioner's recommitment.

The petitioner is represented by counsel. His brief complains, *inter alia,* that "the program in which [he] was required to participate violated his first amendment rights in that it required him to attend religious services." It is not clear whether he con-

tends that the State has established a religion or has prohibited him the free exercise of his religion. In either case, his argument is without merit on the facts because the choice of Peniel was made not by the board but by the petitioner. The record shows that the petitioner admitted that it was he who suggested his admission to Peniel and that he was aware at that time that the program had a religious (nonsectarian, Christian) foundation. He wrote three letters to Peniel soliciting his admission. His parole agent testified that the petitioner had the opportunity to gain admission to a secular program but failed to pursue it. It was not until the intake supervisor told him he could not leave in order to dine with his sister that he decided the program did not suit him. While an officer of Peniel testified that attendance at religious exercises was required, the petitioner's testimony was only to the effect that the institution's emphasis on religion did not suit him. He was also displeased that Peniel prohibited smoking.

The board regulation at 37 Pa. Code §63.5(a) requires parolees to comply with special conditions and at §63.5(b) provides: "[i]f problems arise or questions occur concerning the conditions of parole the parolee shall consult with the parole agent, . . ." or "contact the agent in charge of the district office." Instead of consulting his parole agent concerning his several objections to staying at Peniel, the petitioner simply left.

The petitioner also complains of the severity of the board's recommitment order. The board recommitted the petitioner for three months. This is the minimum period suggested by the presumptive ranges set forth in 37 Pa. Code §75.3(f) and 37 Pa. Code §75.4 for any technical violation.

Order affirmed.

ORDER

AND Now, this 7th day of March, 1986, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.